NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE LLORENTE, | Civil No. 12-4069 (DMC) |
| Petitioner, | |
| v. | **OPINION** |
| ERIC HOLDER, et al., | |
| Respondents. | |

**CAVANAUGH, District Judge**:

    1. On June 29, 2012, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS"), pursuant to 8 U.S.C. § 1226(c), as statutorily unauthorized and unconstitutional. (Dkt. 1.) Specifically, he contends that, although on March 1, 2012, the Board of Immigration Appeals dismissed his appeal challenging the order of removal, his detention is nevertheless still governed by § 1226 because his petition for review is pending before the Second Circuit and the Second Circuit's "**forbearance policy** is the equivalent of a court-ordered stay of removal" (Dkt. 1 at 9), and his pre-removal period detention is unreasonable under Diop v. ICE/Homeland Security, 656 F.3d 221 (3d Cir. 2011), and/or governed by 8 U.S.C. § 1226(a) because he was not taken into custody when he was released from incarceration for a crime underlying his removal.

    2. On August 1, 2012, this Court ordered Respondents to file an answer. (Dkt. 2.)

    3. On August 16, 2012, the U.S. Attorney's Office filed a letter advising this Court that on August 15, 2012, the United States Court of Appeals for the Second Circuit dismissed the

petition for review brought by petitioner Jose Llorente. See Llorente v. Holder C.A. 12-946 order (2d Cir. Aug. 15, 2012) (Dkt. 4.)

  4. In light of the dismissal of Llorente's petition for review, the argument presented in Llorente's § 2241 Petition pending before this Court - Llorente's detention is governed by 8 U.S.C. § 1226 because his petition for review is pending before the Second Circuit and the Second Circuit's forbearance policy is the equivalent of a court ordered stay of removal within the meaning of 8 U.S.C. § 1231(a)(1)(B)(ii) - is moot. Given the dismissal of the petition for review, there is no question that Llorente's detention is not governed by 8 U.S.C. § 1226. This Court will accordingly dismiss the § 2241 Petition because Llorente has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(c)(3). Dismissal of the Petition is without prejudice to the filing of a new petition in the event that Llorente can assert facts showing that he has been detained pursuant to 8 U.S.C. § 1231(a)(6) for more than six months and there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001).

8/22/12

_____
DENNIS M. CAVANAUGH, U.S.D.J.